UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TRAVIS R.,[1] | : | Case No. 3:21-cv-0003 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMSSIONER OF SOCIAL | : | |
| SECURTY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[2]

Plaintiff Travis S. brings this case challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #20), Plaintiff's Reply (Doc. #22), and the administrative record (Doc. #12).

**I.  Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

1

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on January 4, 2017, alleging disability due to several impairments, including numbness in his hands causing loss of use; neck pain; pain with restrictive movement of shoulders; lower back arthritis pain; mid back pain; depression; overweight; agitation irritability due to pain; pain causing mental clarity and focus loss. (Doc. #12, *PageID* #334). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins on December 12, 2018. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since July 15, 2016, the alleged disability onset date.

Step 2: Plaintiff has the following severe impairments: obesity, carpal tunnel syndrome, degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the shoulders, depression, asthma, and hypothyroidism.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … with lifting and carrying twenty pounds occasionally and ten pounds frequently. He is able to stand and/or walk for about six hours in an eight-hour workday and sit for about six hours in an eight-hour workday with permission to alternate between sitting and standing every thirty minutes while at the workstation. [Plaintiff] is limited to no climbing of ladders, ropes, or scaffolds with frequent climbing of

|  |  |
|---|---|
|  | ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. [Plaintiff] is limited to occasional handling, fingering, and feeling bilaterally with frequent reaching in all directions with both upper extremities. [Plaintiff] should avoid concentrated exposure to dusts, odors, fumes, and pulmonary irritants, and he should also avoid exposure to unprotected heights and dangerous machinery. [Plaintiff] is able to perform tasks but not at a production [r]ate pace. He is further limited to occasional interaction with supervisors and coworkers." |
|  | He is unable to perform his past relevant work as a janitor, die press operator, production supervisor, or lab tech. |
| Step 5: | He could perform a significant number of jobs that exist in the national economy. |

(Doc. #12-2, *PageID* #s 64-79). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since July 15, 2016. *Id.* at 79.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #12-2, *PageID* #s 64-79), Plaintiff's Statement of Errors (Doc. #13), and the Commissioner's Memorandum in Opposition (Doc. #20), and Plaintiff's Reply (Doc. #22). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v.*

*Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.   Discussion

In his Statement of Errors, Plaintiff raises two errors. (Doc. #13). First, Plaintiff argues that the ALJ erred by failing to consider his diagnosis of Bipolar II Disorder, which, in turn, led him to formulate an RFC that did not consider the limiting effects of his Bipolar II Disorder. *Id.* at 1119-1125. Second, Plaintiff alleges that the ALJ's assessment of his subjective complaints of pain and physical limitations were not supported by substantial evidence. *Id.* at 1125-1128.

#### A.   Step Two Determination

In his first statement of error, Plaintiff argues that the ALJ erred by failing to find Bipolar II disorder as a severe impairment at Step Two, which resulted in an improper RFC determination. (Doc. #13, *PageID* #s 1119-25). In support, Plaintiff notes that Certified Nurse Practitioner (CNP) Mary Leyendecker diagnosed Plaintiff with Bipolar II disorder and prescribed him an anti-psychotic. (Doc. #13, *PageID* #1120). In response, the Commissioner maintains that Plaintiff did

4

not have a valid Bipolar Disorder diagnosis under the Regulations and, therefore, the ALJ properly declined to consider its potential functional impact. (Doc. #20, *PageID* #1150).

At Step Two of the five-step sequential evaluation process, the ALJ must consider whether a plaintiff's alleged impairments constitute "medically determinable" impairments. *See* 20 C.F.R. § 404.1508; 20 C.F.R. § 404.1520(a)(4)(ii). A "medically determinable" impairment, in turn, "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques," and "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the plaintiff's] statement of symptoms." 20 C.F.R. § 404.1508. Only evidence from acceptable medical sources can establish a medically determinable impairment. 20 C.F.R. § 404.1513(a) ("We need evidence from acceptable medical sources to establish whether you have medically determinable impairment(s)"). Additionally, an impairment must meet the durational requirement, meaning, "it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509. "If an alleged impairment is not medically determinable, an ALJ need not consider that impairment in assessing the RFC." *Jones v. Comm'r of Soc. Sec.*, No. 3:15-cv-00428, 2017 WL 540923, at *6 (S.D. Ohio Feb. 10, 2017). Further, it is the plaintiff who has the burden of proving the existence of a medically determinable impairment. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)) (stating that the burden of proof lies with the claimant at steps one through four of the process and only shifts to the ALJ at step five); *Smith v. Comm'r of Soc. Sec.*, No. 2:20-CV-5473, 2021 WL 3883061, at *3 (S.D. Ohio Aug. 31, 2021) ("At step two of the sequential evaluation process, Plaintiff bears the burden of proving the existence of a

5

severe, medically determinable impairment that meets the twelve-month durational requirement.")).

If an impairment is medically determinable, then an ALJ must determine whether it is severe. *See* 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is "any impairment or combination of impairments which significantly limits [a plaintiff's] ability to do basic work activities. 20 C.F.R. § 404.1520(c). An ALJ does not generally commit reversible error by finding that an impairment is non-severe under two conditions: 1) the ALJ also found that the plaintiff has at least one severe impairment; and 2) the ALJ considered both the severe and non-severe impairments at the remaining Steps in the sequential evaluation. *See Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 244 (6th Cir. 1987); *see also Fisk v. Astrue,* 253 F. App'x 580, 583 (6th Cir. 2007) ("when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'") (quoting *Maziarz* 837 F.2d at 244); *Pompa v. Comm'r of Soc. Sec.,* 73 F. App'x 801, 803 (6th Cir. 2003) ("once the ALJ determines that a claimant has at least one severe impairment, the ALJ must consider all impairments, severe and non-severe, in the remaining [S]teps.") (citation omitted)).

Plaintiff's argument that the ALJ erred in not finding his alleged Bipolar Disorder to constitute a severe impairment is without merit. As an initial matter, Plaintiff has not met his burden to establish that his Bipolar Disorder is a medically determinable impairment. Instead, he simply relies on his own testimony and subjective reports that he has difficulty getting along with others along with a single diagnosis of Bipolar II Disorder from CNP Mary Leyendecker. (Doc.

#13, *PageID* #s 1119-21). Plaintiff then argues that because the ALJ failed to expressly address this disorder in his RFC determination, he did not consider the impairments stemming from it at all. *See id.* at 1122-24.

Plaintiff's argument fails in a number of respects. First, CNP Leyendecker's diagnosis is insufficient to establish that Plaintiff's Bipolar Disorder is a medically determinable impairment because a Certified Nurse Practitioner is not an "acceptable medical source." *See Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 541 (6th Cir. 2007); Soc. Sec. R. 06-3p, 2006 WL 2329939, at *2 (Soc. Sec. Admin. August 9, 2006) ("Information from these 'other sources' [including nurse practitioners] cannot establish the existence of a medically determinable impairment.").

Second, a diagnosis alone is insufficient to establish a medically determinable impairment. *See* 20 C.F.R. § 404.1508 (providing that a medically determinable impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings ..."); *see also* 20 C.F.R. § 404.1513(a)(3) (providing that "[f]or claims filed ... before March 27, 2017, other medical evidence does not include a diagnosis, prognosis, or a statement that reflects a judgment(s) about the nature and severity of your impairment(s)"). Afterall, a plaintiff's RFC is concerned with functional limitations, rather than diagnoses. *See* 20 C.F.R. § 404.1545(a)(2) ("Your residual functional capacity is the most you can still do despite your limitations.").

Finally, the only functional limitations that Plaintiff appears to experience as a result of his Bipolar Disorder is a limitation in his ability to interact with the public. (*See* Doc. #13, *PageID* #s 1122-25; Doc. #22, *PageID* #s 1160-64). Notably, ALJ Adkins considered this limitation in the

context of his analysis of Plaintiff's severe mental impairment, depression. (Doc. #12-2, *PageID* #s 65-66). Indeed, the ALJ noted that there was substantial evidence in the record supporting a finding that Plaintiff could adequately interact with the public, including his ability to go shopping for up to an hour and a half, leave home alone, attendance at a "Fluffy Concert" with his kids, attendance at an Easter egg hunt and party at his daughter's work, weekly church attendance, plans to attend his daughter's pinning ceremony and graduation, and recent use of social media. *Id*. at 66. As a result, ALJ Adkins found that Plaintiff's limitations in his ability to interact warranted a limitation in his RFC that restricted him to occasional contact with supervisors and coworkers, but that they did not merit a similar restriction related to the general public. *See id*. at 66-67. Accordingly, to the extent that Plaintiff argues that the ALJ failed to consider any functional limitations stemming from his mental impairments, this is simply not true. *See Jones*, 2017 WL 540923, at *7 (explaining that "any error at Step Two is harmless if the ALJ considers all impairments in determining Plaintiff's RFC"). Accordingly, no reversible error occurred at Step Two, and Plaintiff's assertions to the contrary are unpersuasive.

      **B.**      **The ALJ's Review of Plaintiff's Symptom Severity**

In his second and final statement of error, Plaintiff alleges that the ALJ's assessment of his subjective complaints of pain and physical limitations are not supported by substantial evidence. (Doc. #13, *PageID* #s 1125-1128). When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 404.1529 Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, *3 (March 16, 2016).[3] First, the ALJ

---

[3] Soc. Sec. R. (SSR) 16-3p, 2016 WL 1119029, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable

must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See also* 20 C.F.R. § 404.1529(c)(3).

In performing this assessment, the ALJ is not required to analyze all seven factors but must still show that he considered the relevant evidence. *Roach v. Comm'r Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247 (internal quotation omitted). Nonetheless, it remains the province of the ALJ and not the reviewing court to assess the consistency of subjective complaints about the impact of a plaintiff's symptoms with the record as a whole. *See id.* Therefore, "absent a compelling reason," an ALJ's credibility/consistency determination will not be disturbed. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

---

to decisions issued on or after March 28, 2016. See SSR 16-3p, 2017 WL 5180304 (October 25, 2017) (clarifying applicable date of SSR 16-3p).

In this case, the ALJ applied the proper legal standards and reached a decision supported by substantial evidence in finding that Plaintiff's subjective symptom complaints were inconsistent with the medical evidence. 42 U.S.C. § 405(g); *Rogers*, 486 F.3d at 241. The ALJ thoroughly discussed the record evidence and concluded that it did not support the severity of Plaintiff's alleged complaints. (*See* Doc. #12-2, *PageID* #s 69-77).

For example, in response to Plaintiff's subjective complaints regarding the severity of his symptoms, ALJ Adkins concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id*. Here, the ALJ appropriately relied on objective medical evidence, including the mild findings on Plaintiff's x-rays and MRIs, normal bilateral upper extremity motion, full strength in his bilateral upper extremities, and grip strength of 100 pounds bilaterally. *Id*. at 69-70. *See* 20 C.F.R. § 404.1529(a) ("[W]e consider… the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence…"); 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence… is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms, such as pain, may have on your ability to work.").

Additionally, and contrary to Plaintiff's contentions, the ALJ did not overly rely on objective evidence. Instead, the ALJ considered a variety of "other evidence," such the effectiveness of his treatment, medications, and daily activities. (Doc. #12-2, *PageID* #s 70-73, 75-76); *see also* 20 C.F.R. § 404.1529(c)(3). For example, the ALJ pointed out that Plaintiff responded favorably to his chiropractic treatment, reported progress with his physical therapy, and

10

only used over-the-counter Tylenol for his pain. *Id*. at 70-73. ALJ Adkins also observed that Plaintiff reported being able to lift heavy weights, walk for less than a mile, sit as long as he wanted, stand for an hour, drywall his ceiling, canoe, and attend to household chores, such as cooking, cleaning, laundry, lawn care, and household repairs. *Id*. at 75.

Hence, ALJ Adkins carefully considered the totality of the evidence, applied the proper standards, and clearly explained his consistency/credibility findings. In doing so, he did not find Plaintiff's alleged impairments to be wholly inconsistent or uncredible, but, rather, found that "the record [did] not support symptoms as intense, persistent, or limiting as alleged." (Doc. #12-2, *PageID* #69). Under these circumstances, this Court is without authority to disturb that finding.

Based on all the foregoing reasons, Plaintiff's Statement of Errors is without merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be **AFFIRMED**; and
2. The case be terminated on the Court's docket.

July 5, 2022                                              *s/ Peter B. Silvain, Jr.*
                                                          Peter B. Silvain, Jr.
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).